

FILED
MAR 14 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

        Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

        Defendants.

Case: 1:22−mc−00028
Assigned To : Unassigned
Assign. Date : 3/14/2022
Description: Misc.

Civil Action No.

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Plaintiff, an attorney, has moved to proceed pseudonymously, Pl.'s Mot. for Leave to Proceed Under Pseudonym ("Pl.'s Mot."), as he litigates his instant claim under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, seeking information from various government agencies about a January 2021 incident, during which plaintiff was stopped at an international airport while attempting to reenter the United States and subjected to an interrogation "about legal representation he has provided and continues to provide," Compl. ¶¶ 1, 30, 32, 33. For the reasons set forth below, the motion is denied, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

### I.   BACKGROUND

Plaintiff, an attorney licensed in Texas, represents "individuals in U.S. Immigration and Naturalization matters" and "criminal and national security investigations," including clients "who are under investigation by the FBI." Compl. ¶ 23. In connection with client

---

[1]   The instant motion has been directly referred to the undersigned Chief Judge for resolution. *See* D.D.C. LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion to seal the complaint, motion to seal the address of the plaintiff, and motion to file a pseudonymous complaint").

representation, he "travels across the United States and internationally," and uses an iPhone as his "primary source of communication with clients and potential clients" and as a tool for note-taking and legal research. *Id.* ¶¶ 26, 27. In or about November 2014, to "facilitate his extensive travel," plaintiff obtained "membership in [the U.S. Customs and Border Patrol's ("CBP's")] Global Entry Trusted Traveler Program," which membership was renewed in 2019. *Id.* ¶ 28.

In 2021, plaintiff "was attempting to reenter the United States . . . through a Global Entry kiosk" at an international airport located in Dallas, Texas. *Id.* ¶ 30. He was "rejected entry at the kiosk and transferred to an in-person primary inspection, and then to a secondary inspection area," *id.*, where he was "separately interrogated" by a CBP officer and two Department of Homeland Security ("DHS") employees "about his law practice, personal life, parents, and his personal U.S. immigration history," *id.* ¶¶ 31–32. One of the officers then asked him to "unlock his iPhone so that the digital contents . . . could be inspected," to which request plaintiff responded "he could not consent" because "the iPhone contained extensive privileged information and allowed for the accessing of privileged information that is stored remotely." *Id.* ¶¶ 35–36. In the face of plaintiff's denial of the request for access to his iPhone, the officer "informed Plaintiff that DHS was seizing the iPhone and that the digital contents would be searched" and "physically assaulted" plaintiff. *Id.* ¶¶ 37–38. Thereafter, plaintiff "submitted FOIA requests for documents, records and videos pertaining to the Plaintiff and the January 3, 2021, incident" to each of the defendant agencies. *Id.* ¶ 57.

Due to the defendants' alleged failure timely to comply with plaintiff's FOIA requests, plaintiff brings this suit challenging their denials and inaction under FOIA. He seeks to proceed under pseudonym because of "safety concerns for Plaintiff and his family given that

part of this litigation involves an assault that occurred by an employee" of one of the defendants, and because "third parties associated with Plaintiff could be negatively impacted or harmed by the nature of this litigation."  Pls.' Mot. at 1.

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations

omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name or other personal information may be redacted to protect privacy by limiting public access. *See, e.g.,* Fed. R. Civ. P. 5.2 (a) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); Fed. R. Civ. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, despite the alleged disturbing incident prompting plaintiff's FOIA requests and this lawsuit, this Court is not persuaded that plaintiff has met the burden of showing that his privacy and security interests outweigh the public's presumptive and substantial interest in knowing his identity. Plaintiff has articulated no privacy interest sufficient to rebut the presumption in favor of open proceedings.

The first *James* factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97—weighs against plaintiff. Plaintiff argues that "litigation in this matter will reveal highly sensitive and personal information pertaining to his law practice that could pose a risk of harm to him, his practice, other attorneys in his practice, and his clients." Pl.'s Mem. Supp. Mot. for Leave to Proceed Under Pseudonym ("Pl.'s Mem.") at 3. Yet, plaintiff does not explain how permitting him to obscure his own identity will protect any of his clients' "sensitive and

personal information" from being revealed, or assuage any of his concerns about potential breaches of attorney-client privilege stemming from the DHS seizure of his iPhone. Plaintiff also cites "safety concerns for Plaintiff and his family" due to the alleged assault committed by a CBP officer on plaintiff during the January 2021 incident, *id.*, but does not elaborate on why, or how, this incident, which occurred at an airport, represents an ongoing risk to his own safety or that of his family. Instead, plaintiff's apparent concern, at this stage, is more akin to a mere desire "to avoid the annoyance and criticism that may attend any litigation." *In re Sealed Case*, 931 F.3d at 97. This first factor weighs against permitting plaintiff to proceed under pseudonym.

The second *James* factor—"whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties," *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238)—further weighs against plaintiff. Plaintiff asserts that he "has reasonable concerns that if he is unable to proceed anonymously, his career and practice would suffer considerably," due to "past experiences where clients have declined to do business with Plaintiff in fear that their cases could be negatively impacted if Plaintiff is consumed by litigation with the Defendants and/or being investigated by the Defendants." Pl.'s Mem. at 3. Plaintiff adds that "[t]he stigma associated with this litigation has already caused Plaintiff a great deal of mental anguish" and that making his name public "would cause further harm by damaging his reputation with his clients and the legal community," *id*. at 4. Without more, however, "a threat of economic harm alone does not generally permit a court to let litigants proceed[] under pseudonym." *Roe v. Doe*, 319 F. Supp. 3d 422, 428 (D.D.C. 2018) (quoting *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005)); *see also Doe v. Pub. Citizen,* 749 F.3d 246, 274 (4th Cir. 2014)

6

("[U]nlike cases in which courts granted pseudonymity to protect privacy or confidentiality concerns, courts consistently have rejected anonymity requests to prevent speculative and unsubstantiated claims of harm to a company's reputational or economic interests." (internal citations omitted)); *Doe 1 v. Benoit*, No. 19-mc-59 (BAH), 2018 WL 11364383, at *3 (D.D.C. Nov. 20, 2018) (denying pseudonymity where plaintiff argued she would "be subject to retribution and mental harm" because "the stigma associated with filing a complaint against [an] agency of the government would mean that other federal agencies, or even private sector employers, would more likely shun her future employment application[s]" (internal alterations omitted)).  At this early stage, plaintiff has not demonstrated a non-speculative risk of physical or mental harm sufficient to outweigh the strong public interest in knowing the identity of litigants.

The third *James* factor also weighs slightly against granting plaintiff's motion, as plaintiff is an adult and does not allege the interests of minor children are at stake.  Pl.'s Mem. at 4; *see also In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).

As for the fourth *James* factor, "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, as in the instant lawsuit.  Thus, this factor also weighs against granting plaintiff's motion for anonymity.  *Cf id.* (describing public interest as particularly great where regulated entity sued government agency regarding "special exemptions" from statutory obligations).

The fifth *James* factor, however, weighs in favor of granting plaintiff's request, as defendants would suffer no "risk of unfairness" if the motion were granted.  *In re Sealed Case*, 931 F.3d at 97.  The plaintiff's identity, and "the basis for which this suit was brought,"

7

are already known to defendants. Pl.'s Mem. at 4–5. Thus, allowing plaintiff to proceed pseudonymously would not compromise defendants' ability to defend this action.

Taking these factors together, plaintiff has presented no compelling justification for "the rare dispensation of pseudonymous status," *In re Sealed Case*, 971 F.3d at 328, and thus has failed to demonstrate a need for secrecy or identify consequences likely to befall plaintiff if he proceeds in his own name.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion for Leave to Proceed Under Pseudonym is **DENIED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; and it is further

**ORDERED** that the Clerk of the Court shall not file plaintiff's Complaint on the docket unless it is filed with plaintiff's full name and residence address, the latter of which plaintiff has not separately requested to seal, in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: March 14, 2022

_____
BERYL A. HOWELL
Chief Judge